UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PAUL DONOVAN CRAWFORD,

                Plaintiff,

    v.

RICK SCOTT, et al.,

                Defendant.

Case No. C22-05308-BJR-SKV

REPORT AND RECOMMENDATION

       Plaintiff is a state prisoner who is proceeding *pro se* and *in forma pauperis* in this 42 U.S.C. § 1983 civil rights action. Plaintiff is currently confined at the Washington Corrections Center in Shelton, Washington. Plaintiff presents to the Court for filing a civil rights complaint under 42 U.S.C. § 1983, naming as Defendants Rick Scott and Brad Johanson, the Sheriff and Undersheriff, respectively, of the Grays Harbor County Sheriff's Office, and Travis Davis, the Chief of Grays Harbor County Jail. Dkts. 5-1 & 7.

       Plaintiff alleges causes of action arising out of his recent conviction following his entry of a guilty plea. *Id.* Specifically, Plaintiff alleges violations of his Sixth and Fourteenth Amendment rights because he was forced to meet with his appointed attorneys in visiting rooms containing recording equipment at the Grays Harbor County Jail and because his calls to his

REPORT AND RECOMMENDATION - 1

attorneys from the Jail "did not say they were not recorded." *Id*. at 7-8. He states because of these alleged violations he felt compelled to take a guilty plea under cause # 20-1-459-14 because he believes the "jail staff works in concert with the prosecutors." *Id*.

Plaintiff also alleges his Eighth Amendment rights were violated by excessive bail set by the Grays Harbor County Superior Court. *Id.* at 9. He indicates he believes setting his bail at $100,000.00 was excessive because he had "zero income coming in." *Id.*

Plaintiff also alleges a cause of action related to inadequate medical care at Grays Harbor County Jail. *Id.* at 10-11. Plaintiff alleges that while incarcerated at Grays Harbor County Jail, he injured his knee. *Id.* He states that he complained numerous times and was told by "medical staff" that he "quite possibly" needed arthroscopic surgery. *Id.* He claims that over the course of time his knee got worse and the jail "presumed to do nothing." *Id.* He states he is "having problems walking" and believes he has damage to his left knee. *Id.*

Plaintiff seeks as relief $1.5 million in damages, and the dismissal with prejudice of all charges against him under cause #20-1-459-14. *Id*. at 12.

On July 19, 2022, the Court issued an order declining to serve Plaintiff's complaint and identifying the following deficiencies in his complaint: that his claims arising out of his conviction appeared to be barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), and that his claims regarding excessive bail and inadequate medical care were vague and conclusory and failed to allege sufficient facts to state a claim. Dkt. 8. The Court directed Plaintiff to file an amended complaint curing these deficiencies by August 19, 2022. *Id.* The Court further informed Plaintiff that a failure to timely respond to the order, or to adequately address the issues raised in the order, would result in a recommendation that the action be dismissed. *Id.* To date,

1  Plaintiff has not responded to the Court's Order.  The Court now recommends that the complaint
2  be dismissed without prejudice.

3  DISCUSSION

4  Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to
5  screen complaints brought by prisoners seeking relief against a governmental entity or officer or
6  employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must "dismiss the
7  complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to
8  state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant
9  who is immune from such relief."  28 U.S.C. §1915A(b); *see* 28 U.S.C. § 1915(e)(2); *Barren v.*
10 *Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

11 **A.    Claims Arising Out of Conviction**

12 Plaintiff alleges violations of his Sixth and Fourteenth Amendment rights because he was
13 forced to meet with his appointed attorneys in visiting rooms containing recording equipment at
14 the Grays Harbor County Jail and because his calls to his attorneys from the Jail "did not say
15 they were not recorded."  Dkts. 5-1 & 7 at 7-8.  He states that because of these alleged violations
16 he felt compelled to take a guilty plea under cause # 20-1-459-14 because he believes the "jail
17 staff works in concert with the prosecutors."  *Id*.

18 A civil rights complaint under § 1983 cannot proceed when "a judgment in favor of the
19 plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the
20 complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence
21 has already been invalidated."  *Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *see also Smithart*
22 *v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) ("*Heck*, in other words, says that if a criminal
23 conviction arising out of the same facts stands and is fundamentally inconsistent with the

REPORT AND RECOMMENDATION - 3

unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed."). The § 1983 action "is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). Where a prisoner challenges the fact or duration of his confinement, his sole federal remedy is a writ of habeas corpus, to which the exhaustion requirement applies. *Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973).

In this case, Plaintiff presents a challenge to his confinement and a finding in his favor and award of the relief sought would necessarily demonstrate its invalidity. He makes no allegation or showing that his current confinement has been invalidated or impugned in any respect. Indeed, that appears to be precisely the relief Plaintiff seeks here. Accordingly, Plaintiff's claims cannot be brought under § 1983 and his claims should be dismissed without prejudice.

**B.     Excessive Bail**

Plaintiff also alleges his Eighth Amendment rights were violated by excessive bail set by the Grays Harbor County Superior Court. Dkts. 5-1 & 7 at 9.

The Eighth Amendment's "Excessive Bail Clause prevents the imposition of bail conditions that are excessive in light of valid interests the state seeks to protect by offering bail." *Galen v. Cnty. of Los Angeles*, 477 F.3d 652, 660 (9th Cir. 2007). It appears both the Supreme Court and the Ninth Circuit have assumed, but not decided, that the Clause is incorporated against the states. *Id.* at 659. Bail is considered excessive if set at a figure higher

REPORT AND RECOMMENDATION - 4

than an amount reasonably calculated to achieve the government's valid interests. *Id.* at 660 (citing *United States v. Salerno*, 481 U.S. 739, 754 (1987); *Stack v. Boyle*, 342 U.S. 1, 3 (1951)).

To prevail on a § 1983 claim, a plaintiff must show that the putative governmental interest is not valid or that "bail was excessive in light of the purpose for which it was set." *Id.* at 661. In addition, the plaintiff must demonstrate that the defendants were the "actual and proximate cause of his bail enhancement." *Id.* at 663; *see also Williams v. Reno Police Dep't*, No. C16-00281, 2017 WL 1386024, at *3 (D. Nev. Mar. 15, 2017), *report and recommendation adopted sub nom. THOMAS L. WILLIAMS, Plaintiff, v. RENO POLICE DEPARTMENT, et al., Defendants. Additional Party Names: Tallman, Utter*, 2017 WL 1383447 (D. Nev. Apr. 12, 2017).

Plaintiff provides no facts to indicate that any of the named Defendants, employees of the Grays Harbor County Jail and the Grays Harbor County Sheriff's Office, caused his bail to be excessive. *See Galen*, 477 F.3d at 663 (Law enforcement officers can be held liable for excessive bail "only if they prevented the [judicial officer] from exercising his independent judgment."). Nor has Plaintiff alleged facts to demonstrate that the putative governmental interest is invalid or that "bail was excessive in light of the purpose for which it was set." *Id.* at 661. Plaintiff alleges no facts regarding any of the relevant factors that would be considered in setting his bail, or what, if any, findings were made by the judicial officer in setting his bail. *See* CrRLJ 3.2(a) & CRr 3.2 (addressing conditions that may be imposed and factors considered under Washington law if court finds release on personal recognizance "will not reasonably assure the accused's appearance, when required, or ... that there is a likely danger that the accused ... will commit a violent crime, or ... will seek to intimidate witnesses, or otherwise unlawfully interfere with the administration of justice."); *and see Williams v. Clark*, No. C14-

00414, 2015 WL 6005141, at *6 (D. Nev. Oct. 14, 2015) ("Plaintiff failed to state a claim because: (1) the [police department] Officer did not set his bail; (2) Plaintiff has not alleged that his bail was enhanced for an improper purpose or that it was excessive in light of the reason it was set; and (3) Plaintiff provided no information about the criminal charges filed against him, his criminal history, if any, or any of the other relevant factors that were considered in setting his bail."); *Romero v. Cnty. of San Bernardino*, No. C21-1468, 2022 WL 2296951, at *4 (C.D. Cal. Apr. 21, 2022), *report and recommendation adopted*, 2022 WL 2291720 (C.D. Cal. June 24, 2022) (Finding the complaint failed to state a claim in part because "[it] fails to discuss the state interests that were sought to be protected in setting the bail amount or whether bail was enhanced unlawfully.").

      Because of these deficiencies, Plaintiff's allegations regarding excessive bail are vague and conclusory and fail to state a claim. Accordingly, Plaintiff's claims should be dismissed without prejudice.

**C.  Medical Care**

      Plaintiff's complaint also appears to allege a denial of his constitutional right to medical care. Dkt. 5-1 & 7 at 7-8.

      In order to state a violation of the Fourteenth Amendment based upon inadequate medical care as a pretrial detainee, Plaintiff must show:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved— making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

1  *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018).  With respect to the second
2  element, generally a medical need is serious "if the failure to treat the prisoner's condition could
3  result in further significant injury or the 'unnecessary and wanton infliction of pain.'"  *McGuckin*
4  *v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104
5  (1976)) *overruled on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th
6  Cir. 1997).  "The existence of an injury that a reasonable doctor or patient would find important
7  and worthy of comment or treatment; the presence of a medical condition that significantly
8  affects an individual's daily activities; or the existence of chronic and substantial pain are
9  examples of indications that a prisoner has a 'serious' need for medical treatment."  *Id.* at 1059-
10 1060.  "With respect to the third element, the defendant's conduct must be objectively
11 unreasonable, a test that will necessarily 'turn[ ] on the facts and circumstances of each particular
12 case.'"  *Gordon*, 888 F.3d at 1125 (quoting *Castro v. Cnty. of L.A.*, 833 F.3d 1060, 1071 (9th Cir.
13 2016) (en banc) (quoted sources omitted)).  A defendant's "mere lack of due care" is insufficient
14 to state a Fourteenth Amendment claim.  *Id.* (quoting *Castro*, 833 F.3d at 1071 (quoted source
15 omitted)).  Thus, a plaintiff must "prove more than negligence but less than subjective intent—
16 something akin to reckless disregard."  *Id.* (quoting *Castro*, 833 F.3d at 1071).

17      Here, Plaintiff's allegations regarding inadequate medical care are vague and conclusory
18 and fail to state a claim.  Plaintiff does not identify any specific individuals who allegedly
19 provided inadequate medical care, instead referring only to "medical staff" at the Jail.  Plaintiff
20 also fails to allege sufficient facts to demonstrate that any individual's actions violated his
21 constitutional rights under the above standard.  Plaintiff alleges his knee "got worse" over time at
22 Grays Harbor Jail but fails to explain how it got worse, whether he communicated about his
23 condition to any individuals at the Jail, and what action those individuals took or failed to take

REPORT AND RECOMMENDATION - 7

1 | that violated his constitutional rights. Accordingly, Plaintiff's allegations fail to state a claim and
2 | his claims should be dismissed without prejudice.

## CONCLUSION

Plaintiff was notified of the deficiencies in his complaint regarding his claims arising from his conviction, excessive bail, and inadequate medical care, and was given the opportunity to file an amended complaint curing those deficiencies. Dkt. 8. Plaintiff failed to file an amended complaint or otherwise respond to the Court's order. Accordingly, the Court recommends that Plaintiff's complaint, Dkts. 5-1 & 7, be DISMISSED without prejudice. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **October 14, 2022**.

Dated this 19th day of September, 2022.

_S. Kate Vaughan_
S. KATE VAUGHAN
United States Magistrate Judge

REPORT AND RECOMMENDATION - 8